# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| AMANDA G., <br> *ex rel Christopher B.* <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner, <br> Social Security Administration, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket No. 1:18-cv-00453-NT <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER ON SOCIAL SECURITY APPEAL

This Social Security Disability and Supplemental Security Income appeal raises the question of whether the Administrative Law Judge ("**ALJ**") supportably found that the Claimant Christopher B., now deceased, retained the residual functional capacity ("**RFC**") to perform substantial gainful activity and was capable of return to past relevant work as a call center supervisor.[1] The Plaintiff seeks remand on the grounds that the ALJ erred in giving only partial weight to the medical expert opinion evidence of the Claimant's treating rheumatologist. *See* Pl.'s Itemized Statement of Errors ("**Statement of Errors**") 2-6 (ECF No. 10). I affirm.

---

[1] The Plaintiff is the mother of the Claimant's children, who may inherit benefits due under Title II. The children have no claim to benefits under Title XVI, and so my review is limited to the Title II benefits. *See Wasilauskis v. Astrue*, No. 08-284, 2009 WL 861492, at *3 (D. Me. Mar. 30, 2009), *rep. & recommendation adopted*, 2009 WL 1078362 (D. Me. Apr. 21, 2009).

## ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the February 12, 2018 decision of the ALJ. R. 1-3, 10-34.[2] The ALJ's decision tracks the five-step sequential evaluation process for analyzing social security disability claims. 20 C.F.R. § 404.1520.

The ALJ found that the Claimant had the severe, but non-listing-level,[3] impairment of psoriatic arthritis. R. 16-18. The ALJ determined that the Claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl. R. 19. The ALJ further found that the Claimant's RFC allowed him to perform past relevant work as a call center supervisor. R. 27. The ALJ therefore concluded that the Claimant was not disabled during the relevant period. R. 28.

In determining RFC, the ALJ first considered the Claimant's reported symptoms and his medical records. R. 19-24. Second, the ALJ evaluated the opinions of two state agency medical consultants, two consulting medical examiners, and two of the Claimant's treating physicians. R. 24-27. Relevant to this appeal is the ALJ's decision to give only partial weight to the opinion of the treating rheumatologist, Dr. Lance Feller.

---

[2] Citations to "R. __" refer to the page numbers of the consecutively-paginated administrative record, available at ECF Nos. 6-1 to 6-9.

[3] When a claimant's impairments meet or equal the criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and meet the duration requirements set out in 20 C.F.R. §§ 404.1509 and 416.909, the claimant is deemed disabled without further assessment. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curim). Substantial evidence is evidence that a "reasonable mind might accept as adequate" to support a finding. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (citation omitted). An ALJ may accept parts of an expert opinion and reject others, with adequate explanation. *See Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 144 (1st Cir. 1987) (ALJ may "piece together the relevant medical facts from the findings and opinions of multiple physicians.")

## DISCUSSION

The Plaintiff argues that the ALJ made a number of errors when deciding to afford Dr. Feller's opinion only partial weight. Statement of Errors 2-6.

Dr. Feller, the Claimant's treating rheumatologist, submitted an assessment of the Claimant's ability to do work-related activities on a day to day basis. R. 309-10. In that assessment, he opined that the Claimant could never lift or carry over 20 pounds, that he could lift between 5 to 20 pounds occasionally (up to 1/3 of the time),

3

and that he could lift 0-5 pounds frequently (between 1/2 and 2/3 of the time). R. 309. Dr. Feller noted that the Claimant's "joint damage due to inflammation" supported his lifting/carrying assessment. R. 309. Dr. Feller further found that the Claimant could stand for 2-3 hours of an 8 hour workday but not for more than 20 minutes at a time, and that the Claimant could sit for 5 hours of an 8 hour workday but not for more than 30 minutes at a time. R. 309. Dr. Feller opined that the Claimant had certain postural limitations: he could never balance or crawl but he could occasionally climb, bend, stoop, crouch, and kneel. R. 310. Dr. Feller assessed the Claimant's manipulative activities as being able to reach and push/pull occasionally and that he could feel and handle frequently. R. 310. Finally, Dr. Feller imposed environmental limitations of heights, chemicals, fumes, moving machinery, temperature extremes, and vibration. R. 310.

In the portion of his opinion dealing with Dr. Feller's assessment, the ALJ wrote:

> I give partial weight to the August, 2016, Treating Source Statement of the claimant's rheumatologist, Lance S. Feller, M.D., who provided a similar RFC to that of Dr. Powell,[4] except that he limited the claimant to 2-3 hours of standing and walking and 5 hours of sitting in an 8-hour workday, stated that the claimant can frequently handle and feel, and provided some different environmental limitations (Ex. 16B/9, 10). Dr. Feller specializes in rheumatology and has personally treated the claimant over time (*id.*). His overall light lifting restrictions and postural activities are generally consistent with the evidence of record as a whole, as detailed herein, and his additional postural restrictions are nonmaterial, as they would not affect the claimant's ability to return to his past relevant work, nor would they significantly erode the unskilled light occupational base (*id.*). However, Dr. Feller did not

---

[4] Dr. Powell had opined that the Defendant could stand/walk between 3 and 4 hours in an 8 hour workday and could sit for between 4 and 5 hours in an 8 hour workday. R. 307.

4

> provide adequate narrative in support of his limitations, having merely described that the claimant has psoriatic arthritis with "joint damage due to inflammation" (*id.*). As detailed above, although the claimant has had joint pain and swelling upon physical examinations, this is in the context of significant noncompliance and flares when he is off of his medications, as well as complications from his alcohol abuse (*id.*). Moreover, the claimant's imaging studies have all been unremarkable, with no evidence of joint damage or arthritic changes (*id.*). For these reasons, Dr. Feller's opinions are given weight only to the extent they support the claimant's RFC. (*id.*).

R. 26-27.

The Plaintiff first argues that the ALJ erred in rejecting Dr. Feller's opinion, which, the Plaintiff contends, does not support either "a full light" or "full sedentary capacity." Statement of Errors 2-3. As I understand the Plaintiff's argument, "on days when [the Claimant] could not stand/walk for 3 hours," he could not work fulltime, and therefore there would be no jobs available to him. *See* Statement of Errors 2. The Plaintiff's argument is based on a flawed premise that Dr. Feller's combined standing/sitting limitations support disability. Residual functional capacity "is the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1); *see also Robshaw v. Colvin*, No. 1:14-cv-291-JHR, 2015 WL 3951959, *4 (D. Me. 2015) (administrative law judge permissibly found that claimant could sit for two hours when the testimony was that she could sit for an hour or two). Even with Dr. Feller's combined sitting and standing restrictions, the Claimant would have been able to perform fulltime work.

Having concluded that Dr. Feller's opinion does support fulltime work, I consider whether it supports light or sedentary work. The ALJ decided that the Claimant had the RFC to perform light work.

5

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). "Light work" subsumes the category of lower functioning "sedentary work." The regulations on "sedentary work" provide:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

Dr. Feller's opinion would not support the ALJ's finding that the Claimant could do light work since Dr. Feller's lifting restrictions would not allow the Claimant to frequently lift objects weighing more than 5 pounds. *See* R. 309. But, even under Dr. Feller's assessment, the Claimant would be able to do sedentary work. *See* 20 C.F.R. § 404.1567(a). The Claimant's past relevant work was as a call center supervisor. The Dictionary of Occupational Titles provides that a customer service representative supervisor position is sedentary work. U.S. Dep't of Labor, Dictionary of Occupational Titles 239.137-014 (Customer Service Representative Supervisor). Therefore, even if the ALJ had credited Dr. Feller's opinion in full, the assessment would have supported a decision that the Claimant could return to past relevant work as a call center supervisor. The Plaintiff offers no argument (other than his "full-time"

6

argument rejected above) that Dr. Feller's opinion does not support sedentary work. That is precisely the type of work found by the ALJ to be available to him. R. 27-28.

Because Dr. Feller's assessment supports a finding of no disability, I do not address the Plaintiff's remaining arguments that the ALJ erred by giving Dr. Feller's opinion only partial weight.

## CONCLUSION

For the reasons stated above, I **AFFIRM** the decision of the Commissioner denying the Plaintiff's request for disability benefits and I **ORDER** that the Plaintiff's complaint be **DISMISSED**.

SO ORDERED.

/s/ Nancy Torresen<br>United States District Judge

Dated this 27th day of August, 2019.